UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SANJAY GROVER<br><br>Plaintiff,<br><br>v.<br><br>RELATED COMPANIES, LP, *et al.*,<br><br>Defendants. | Civil Action No. 11-1861 (CKK) |

**MEMORANDUM OPINION**
(November 14, 2013)

Presently before the Court is the Relator's [11] Motion to Maintain Seal on this Case or, in the Alternative, for Leave to File a Redacted Amended Complaint. The Government opposes the Relator's motion to maintain the case under seal to the extent the Relator seeks to keep the complaint, the Relator's request for dismissal, and the Government's consent to dismissal under seal. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court DENIES the Relator's Motion for the reasons set forth below.

### I. BACKGROUND

Relator Sanjay Groover ("Relator") filed this action on October 21, 2011, under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, alleging that his coworkers, employees of Fannie Mae, had conspired to purposefully undervalue property assets, transfer the property to private ownership, and then personally profit from reselling the properties, at the expense of the United States Treasury. Compl. ¶¶ 1-4, ECF No. [1]. Pursuant to the *qui tam* provisions of the FCA, Relator filed this matter under seal so the United States could investigate these allegations. On

---

[1] Relator's Mot. to Maintain Seal, ECF No. [11]; Government's Opp'n., ECF No. [14]; Relator's Reply, ECF No. [15].

June 27, 2013, prior to the United States informing the Court of its decision whether or not to intervene in the case, Relator filed a Request for Voluntary Dismissal Without Prejudice. *See* ECF No. [10]. The Relator also moved the Court to allow the case to remain under seal permanently or, in the alternative, to allow Relator to file a redacted Amended Complaint. *See* Rel.'s Mot. to Maintain Seal or, in the Alternative, for Leave to File a Redacted Amended Complaint, ECF No. [11] ("Rel.'s Mot."). The United States consented to the voluntary dismissal but objected to Relator's request to keep the case under seal. *See* Govt.'s Notice of Consent to Dismissal and Motion to Temporarily Maintain the Seal, ECF No. [12]. The Government instead asked that the pleadings that do not reflect its investigative efforts—*i.e.,* the Complaint, Relator's Voluntary Dismissal, and the United States' Consent to Entry of Voluntary Dismissal—be unsealed, but that all other filings remain sealed. *See id.* at 2. On July 1, 2013, the Court dismissed this case without prejudice and ordered that the parties fully brief the sealing issue, which is now complete. 7/1/2013 Order, ECF No. [13].

## II. DISCUSSION

"[T]he decision as to access (to judicial records) is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard,* 650 F.2d 293, 316-17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns., Inc.,* 435 U.S. 589, 599 (1978)). In this Circuit, "the starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr. Inc.,* 98 F.3d 1406, 1409 (D.C. Cir.1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.,* 951 F.2d 1268, 1277 (D.C. Cir. 1991)). In *Hubbard,* the D.C. Circuit identified six factors that might act to overcome this presumption:

(1) the need for public access to the documents at issue; (2) the extent of previous

> public access to the documents at issue; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317-22). The Court will examine each factor in turn.

### A. Application of the *Hubbard* Factors

#### i. Need for Public Access

Public access to judicial records is "fundamental to a democratic state" and "serves the important functions of ensuring the integrity of judicial proceedings in particular and of the law enforcement process more generally." *Hubbard*, 650 F.2d at 315 & n. 79; *see also Nixon*, 435 U.S. at 597 (recognizing a common law right to view court documents). Public access may be denied, however, "to protect trade secrets, or the privacy and reputation of victims of crimes, as well as to guard against risks to national security interests, and to minimize the danger of an unfair trial by adverse publicity." *Hubbard*, 650 F.2d at 315-16 (internal citations omitted). "The presumption in favor of public access to judicial records is strongest when 'the documents at issue [are] . . . specifically referred to in a trial judge's public decision.'" *Nat'l Children's Ctr.*, 98 F.3d at 1409 (quoting *Hubbard*, 650 F.2d at 318). However, "[c]ases brought under the False Claims Act [also] receive special consideration by the courts because they 'inherently implicate the public interest.'" *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) (quoting *United States ex rel. Littlewood v. King Pharmaceuticals, Inc.*, 806 F. Supp. 2d 833, 840 (D.Md. 2011)). In FCA cases, taxpayers are, in effect, "real parties in interest" because they have a strong interest in fraud perpetrated against the United States that results in monetary loss to the Government. *United States ex rel Schweizer*

3

*v. OCE, N.V.*, 577 F. Supp. 2d 169, 172 (D.C. Cir. 2008).

The Relator contends that the presumption of public access to judicial proceedings is not implicated in the present case because this case has not been litigated—only the Complaint has been filed, but not served—and thus there has been no judicial decision-making that the public need understand. Rel.'s Mot. at 8. In making this argument, however, the Relator ignores the inherent public interest in being able to access records in FCA cases. *See Durham*, 818 F. Supp. 2d at 67; *Schweizer*, 577 F. Supp. 2d. at 172. Indeed, the public's interest in the disclosure of documents in this case is particularly strong given that the case implicates improprieties with taxpayer money by one of the largest entities in the mortgage and financial services industry in the wake of the 2008 housing crisis. By filing a *qui tam* action, the Relator purported to be bringing a claim on behalf of and in the interest of the public; the fact that the Relator, himself, is abandoning the litigation does not lessen or change the public's interest in hearing allegations that the Government was defrauded of millions of dollars. *See Durham*, 818 F. Supp. 2d at 67 ("Voluntary Dismissals of FCA actions do not render the allegations any less relevant to the taxpaying public."). Accordingly, given the "generalized needs for public access" in FCA cases, the Court finds that this factor weighs in favor of lifting the seal. *Schweizer*, 577 F. Supp. 2d at 173.

### ii. Extent of Previous Public Access

Previous public access to the sealed filings "is a factor which may weigh in favor of subsequent [public] access." *Hubbard*, 650 F.2d at 318. In the instant case, the public did not have prior access to the pleadings because the Complaint was filed under seal in accordance with the procedures set forth in the FCA. *See* 31 U.S.C. § 3730(b)(2). Accordingly, this factor is neutral, neither favoring nor disfavoring lifting the seal. *See Durham*, 818 F.Supp.2d at 68.

### iii. Objection to Disclosure

"[T]he fact that a party moves to seal the record weighs in favor of the party's motion." *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). Thus, as the Relator objects to the disclosure of the pleadings, the Court finds that this factor weighs in favor of maintaining the seal.

### iv. Strength of Interests Asserted

The fourth *Hubbard* factor requires the Court to "assess the strength of any property or privacy interests voiced by the moving party." *Durham*, 818 F.Supp.2d at 68. In *Hubbard*, the D.C. Circuit considered "the objecting party's privacy interest *in the particular documents* . . . rather than the effect that unsealing the documents would have on the party's property and privacy interests generally . . . ." *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009) (emphasis added). The Relator contends that two interests would be harmed by unsealing the pleadings. First, the Relator argues that his future career and reputation, as well as the reputation of the Defendants,[2] would be harmed by unsealing the case. See Rel.'s Mot. at 6. Harm to reputation and career as a result of filing a lawsuit is not the sort of property or privacy interest that courts have found compelling when analyzing this *Hubbard* factor. *See Durham*, 818 F.Supp.2d at 68 (finding that relator's description of a "general privacy interest in keeping his

---

[2] The Relator argues that the seal on this case should be maintained in part because the Defendants would be subject to negative publicity if the Relator's allegations were made public. The Court accords no weight to this objection because the Relator has no standing to raise them. *See In re Fort Totten Metrorail Cases*, --- F. Supp. 2d ---, 2013 WL 4026840, * 4 (D.D.C. Aug. 8, 2013) ("[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004))). In any event, the Court finds the Relator's concern about the risk of reputational harm to the Defendants disingenuous. The Relator filed this action and made the allegations in the Complaint with the expectation of proceeding towards trial and the pleadings eventually being unsealed. *See Durham*, 818 F. Supp. 2d at 67 (FCA cases "are brought with the expectation that the pleadings will eventually be unsealed.").

identity secret from his employer to avoid any potential retaliation should disclosure occur . . . is not sufficient to tip this factor towards Relator."); *United States ex rel. Permison v. Superlative Technologies, Inc.*, 492 F. Supp. 2d 561, 564 (E.D.Va. 2007) (finding that relator's "vague and hypothetical" "general apprehension that his former employer might somehow interfere with his career prospects" "falls far short of outweighing the public's strong interest in having access to court filings . . . ."). A relator's concerns about career and reputation become even less convincing when, as here, the relator no longer works for the party affected by the litigation. *See Schweizer*, 577 F. Supp. 2d at 177.

The Relator attempts to distinguish the instant case on the premise that unlike other *qui tam* cases involving fear of retaliation from employers, Fannie Mae is so large and influential within the financial services and real estate industries that it has the actual power to blacklist the Relator from the entire industry. *See* Rel.'s Reply at 7. The Relator contends that "a prospective employer who learns that the Relator has cooperated with the government in a civil or criminal investigation into such an influential company would almost invariably decide to reject a job application submitted by the Relator." *Id.* at 6. The Court finds that the Relator's argument, like those rejected in prior cases, remains too speculative and vague. Moreover, the potential prejudice the Relator identifies has "less to do with the contents of the documents themselves than *the fact* that Plaintiff commenced suit in the first place." *Upshaw v. United States*, 754 F. Supp. 2d 24, 29 (D.D.C. 2010) (emphasis in original). However, FCA cases "are brought with the expectation that the pleadings will eventually be unsealed." *Durham*, 818 F. Supp. 2d at 67. Indeed, FCA cases are sealed to allow the United States time to investigate the allegations; "[t]he FCA does not contain any language that suggests the purpose of sealing a case is to protect the relator's identity." *Id.* In bringing the present case, the Relator clearly concluded that these risks

to his reputation and career were worth taking. *See id.* at 68. Consequently, the Court "is neither empowered nor inclined to delete the fact of this litigation from the pages of history just because Relator now has concerns about the effects his filing will have on his reputation." *Upshaw*, 754 F. Supp. 2d at 29.

In the same vein, the Relator argues that by not allowing a case to remain sealed in a situation like the present, individuals will be less likely to bring *qui tam* claims because "they know they face stigmatization and retaliation regardless of whether their complaints are ever served." Rel.'s Mot. at 7. However, the Relator's concerns are no different from those of the many employees who bring suits against their employers or former employers for various reasons. These employees continue to bring suits without the protection of sealing the case. There is no reason that retaliation concerns should merit special protection in *qui tam* actions. *Durham*, 818 F. Supp. 2d at 68 (citing *Littlewood*, 806 F. Supp. 2d at 841-41).

The second interest the Relator identifies—protecting the confidentiality of private conversations—is also unavailing. █████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

███████████████████████████████████
███████████████████████████████████
████████████████

For all these reasons, the Court concludes that the fourth *Hubbard* factor does not weigh in favor of maintaining the seal on the case.

### v. Possibility of Prejudice in Future Litigation

The possibility of prejudice refers to "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Friedman*, 672 F.Supp.2d at 60. The Relator has not pointed the Court towards any possible prejudice he may suffer in future litigation, stating instead that he "believes this factor is neutral." Rel.'s Mot. at 9-10. This is not surprising given that the Relator is no longer employed by the Defendant. See *Schweizer*, 577 F. Supp. 2d at 177 (finding that the fact that the relators were no longer employees of the defendant minimized the risk of workplace discrimination and harassment following the unsealing of the pleadings and thus the possibility of prejudice in future litigation). Accordingly, this factor weighs in favor of lifting the seal. *See Durham*, 818 F. Supp. 2d at 69.

### vi. Purposes For Which Documents Were Introduced

Finally, the Court must consider the purpose for which the documents in question were introduced. The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes. *See Durham*, 818 F. Supp. 2d at 69 (explaining that "there is less of a pressing concern to unseal pleadings if they are not relevant to the claims," for example, they were not used at trial or relied upon by the trial judge in his decision). This factor "focuses on the [Relator's] purpose of filing his pleadings and nothing further." *Id.* The documents the Relator wants to maintain sealed—the Complaint, his Motion

for Voluntary Dismissal, and the Government's Consent to Voluntary Dismissal—are central to the litigation of the Relator's FCA claims. The Relator's Complaint was intended to be the basis of a potential trial. Moreover, although the Relator's Voluntary Dismissal and the United States' Consent will not constitute the basis of an imminent trial, the Relator's allegations may potentially be revived in future litigation because the case was dismissed without prejudice. *See id.* Accordingly, this factor weighs in favor of lifting the seal.

### *vii.* Conclusion

After weighing the six *Hubbard* factors, the Court concludes that only the fact that the Relator filed the Motion weighs in favor of sealing the Documents, while three factors weigh in favor of unsealing the case—the need for public access, the lack of prejudice to future litigation, and the purpose for which the documents were introduced.

### B. Redacting the Identities of the Parties from the Complaint as an Alternative

In the alternative, the Relator proposes that instead of keeping the entire case under seal, the Court allow the Relator to redact the names of both himself and the Defendants along with any other identifying information from the Complaint and order the unsealing of only the redacted Complaint. *See* Rel.'s Mot. at 10-11. The Government opposes this alternative request for the same reasons that it opposed sealing the case generally. *See* Govt.'s Opp'n at 14.

The Court agrees with the Government that the Relator's request to redact the pleadings is inappropriate for many of the reasons discussed above. Most importantly, redacting the Complaint before it is unsealed would permit relators to assume all of the advantages of bringing an FCA claim without bearing any of the risks. It is the Relator himself who decided to file the Complaint and he was "willing to disclose his identity to the public when he stood to gain financially; it is only now that his claim is being dismissed that he seeks anonymity. [The

9

Relator] took a calculated risk and this Court will not shield him from the consequences." *United States ex rel. Wenzel v. Pfizer, Inc.*, 881 F. Supp. 2d 217, 223 (D. Mass. 2012). In other words, the Relator cannot now "cherry pick the portions of the FCA that suit him." *Littlewood*, 806 F. Supp. 2d at 842. As previously mentioned, the Relator's retaliation concerns are "'similar to those of the many other employees who bring suits against their employers or former employers for various reasons' and therefore should not merit special protection in *qui tam* actions.'" *Durham*, 818 F. Supp. 2d at 68 (quoting *Littlewood*, 806 F. Supp. 2d at 841-42).

Moreover, redacting the names of the Defendants would have the practical effect of sealing the entire case. *See e.g. United States v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 786 (E.D. Mich. 2008) ("Plaintiff-Relator's request for a wholesale redaction of all identifying information is tantamount to maintaining a permanent seal over all of the documents filed in this action."). As discussed above, the public has an interest in accessing allegations of fraud by officers of Fannie Mae, especially given that the allegations are so closely related to the 2008 housing crisis and subsequent taxpayer funded bailout. Redacting the names of the Defendants would essentially be denying the public access to these important allegations.

The Relator's comparisons to suits filed under pseudonym are unavailing. The Relator cites to *United States ex rel. Doe v. Boston Scientific Corp.*, 2009 U.S. Dist. LEXIS 59390, *13 (S.D. Tex. July 2, 2009), to support the proposition that he should be able to redact his name because the public interest in the identity of the relator is "relatively weak." *See* Rel.'s Mot. at 11. However, in *Boston Scientific*, the court only allowed the identity of the Relator to remain anonymous "until the cases are resolved or the court orders disclosure at an earlier time." *Boston Scientific*, 2009 U.S. Dist. LEXIS 59390, at *13. Thus, the case does not stand for the proposition that the Relator's name can be sealed in perpetuity, as Relator here requests the

Court to do. The Relator's citations to *qui tam* cases in this district that are proceeding under pseudonym are equally unhelpful. Two of the cited cases provide no analysis for why the court permitted the Relator to proceed anonymously. In the third case, the court allowed the Relator's name, and the Relator's name alone, to be redacted from the Complaint for a period of one year—not an indefinite period as requested by Relator in the present case. In general, courts refuse to allow a party to proceed anonymously simply because of "fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005). Accordingly, this Court is not inclined to allow Relator to redact his identifying information.

### III. CONCLUSION

In light of the strong presumption of public access and having weighed the relevant factors, the Court therefore ORDERS that:

1. Relator's [1] **COMPLAINT** and [10] **VOLUNTARY DISMISSAL** and the United States' [20] **NOTICE OF CONSENT TO DISMISSAL** shall be **UNSEALED**; and
2. All other filings shall remain under seal.

**SO ORDERED.**

                                        /s/
                                  **COLLEEN KOLLAR-KOTELLY**
                                  UNITED STATES DISTRICT JUDGE